UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ENGLANTINA GJELAJ,
as Personal Representative
of the Estate of ALFRED
PASHKO SHQUTAJ,

    Plaintiff,

v.

SEVEN BROTHERS PAINTING,
INC., G.B.S. SCAFFOLDING
SERVICE, CORP., and
7 BROTHERS CONTRACTING, LLC,

    Defendants.
_____/

Case No. 18-11709
Hon. Denise Page Hood

## **ORDER DENYING SPB's OBJECTIONS TO MAGISTRATE JUDGE MAJZOUB'S ORDERS [#66]**

## **I. INTRODUCTION**

On October 12, 2018, Magistrate Judge Mona Majzoub issued an order regarding the discovery motions filed at Docket Nos. 11, 12, and 21. Dkt. No. 43 (the "Discovery Order"). Among other rulings in the Discovery Order, Magistrate Judge Majzoub ordered, in part, that:

(1)     "Not later than October 17, 2018, the parties will submit a protective order regarding the treatment of electronically stored information in SBP's possession. If the parties are unable to agree to the terms of such an order, each party will submit a proposed version."

(2)     "Not later than December 3, 2018, the parties' experts will conduct

a review of electronically stored, native-format versions of Alfred Shqutaj's payroll and employment records created by SBP."

Dkt. No. 43, PgID 1728.

On November 20, 2018, Magistrate Judge Majzoub issued an order pursuant to SBP's motion to extend the deadline for the parties to submit a protective order regarding the treatment of electronically stored information ("ESI") in SBP's possession ("Motion to Extend Time"). Dkt. No. 61 (the "Extension Order"). In the Extension Order, Magistrate Judge Majzoub granted the Motion to Extend Time, ordering that:

(A) "Not later than December 14, 2018, the parties will submit a stipulated protective order regarding the treatment of electronically stored information in SBP's possession. If the parties are unable to agree to the terms of such an order, each party will submit its own proposed version."

(B) "[N]ot later than January 18, 2019, the parties' experts will conduct a review of electronically stored, native-format versions of Alfred Shqutaj's payroll and employment records created by SBP."

Dkt. No. 61, PgID 2027.

On December 4, 2018, SBP filed "Objections to Magistrate Judge's November 20, 2018 Opinion and Order Granting Motion to Extend Time to Submit Protective Order Regarding Treatment of ESI in SBP's Possession [ECF No. 61] and October 12, 2018 Opinion and Order Regarding Discovery Motions [ECF No. 43]." Dkt. No 66

("SPB's Objections"). For the reasons that follow, SBP's Objections are DENIED.

## II. ANALYSIS

In order to timely object to the Discovery Order issued on October 12, 2018, a party would have needed to file her/its objection(s) no later than October 26, 2018. No party filed any objection(s) to the Discovery Order on or before that date. Accordingly, any objection(s) to the Discovery Order, including SBP's Objections filed on December 4, 2018, must be dismissed as untimely.

The Court notes that SBP filed its Motion to Extend Time prior to October 26, 2018. The Court has reviewed the Motion to Extend Time filed by SBP on October 23, 2018, Dkt. No. 45, but nowhere in the Motion to Extend Time did SBP object to or challenge the order requiring SBP to permit the parties' experts to review "electronically stored, native-format versions of Alfred Shqutaj's payroll and employment records created by SBP." The Court notes the totality of the relief requested by SBP in the Motion to Extend Time, which was that:

> this Court grant the within Motion and permit the parties until October 29, 2018, to file a Protective Order regarding the treatment of ESI in SBP's possession. Should the parties not be able to agree on a Protective Order, SBP respectfully requests that the Court permit the parties to submit their respective proposed Protective Orders on October 29, 2018, and that discussion regarding the contents of the Protective Order be addressed at the November 5, 2018, hearing before Judge Majzoub.

Dkt. No. 45, PgID 1735-36. The Motion to Extend Time and the relief requested

therein are devoid of any challenge to allowing experts to review the "electronically stored, native-format versions of Alfred Shqutaj's payroll and employment records created by SBP." Accordingly, the Court also concludes that the Motion to Extend Time did not constitute a timely objection to the Discovery Order.

The Court also has reviewed SBP's November 2, 2018 reply brief regarding the Motion to Extend Time. In that document, SBP argued that it had provided Plaintiff with all the information regarding Alfred Shqutaj's employment by SBP, such that Plaintiff should not need to or be allowed to access the "electronically stored, native-format versions of Alfred Shqutaj's payroll and employment records created by SBP." Dkt. No. 52. The Court finds that the November 2, 2018 reply brief should not be treated as a valid objection to the Discovery Order. First, the November 2, 2018 reply could not be considered a timely objection. Second, the argument set forth in SBP's November 2, 2018 reply was not raised – or even alluded to – in the Motion to Extend Time, which means that it was improperly raised and did not present a matter for the Court to consider. And, as discussed below, the Court is not persuaded that the substance of the argument for denying Plaintiff access to SBP's ESI, in the manner ordered in the Discovery Order, has any merit.

As to SBP's Objections to the Extension Order, the Court concludes that those objections, technically, were timely because they were filed 14 days after the date of

the Extension Order. SBP's Objections, however, challenge the requirement in the Extension Order that SBP produce the "electronically stored, native-format versions of Alfred Shqutaj's payroll and employment records created by SBP" for review by Plaintiff's expert(s). The requirement in the Extension Order that SBP allow Plaintiff's expert(s) to review SBP's ESI related to Shqutaj's employment was first announced on October 12, 2018, not November 20, 2018. The only difference between the requirement in the Extension Order that SBP allow Plaintiff's expert(s) to review SBP's ESI related to Shqutaj's employment and the requirement in the Discovery Order that SBP allow Plaintiff's expert(s) to review SBP's ESI related to Shqutaj's employment is the date by which such review must occur. Accordingly, the Court finds that the substance of SBP's Objections are untimely and must be denied.

The Court also denies SBP's Objections for each of the following reasons, any one of which independently warrants denial of SBP's Objections:

1. SBP's Objections are misplaced and disingenuous. In the Extension Order, Magistrate Judge Majzoub granted SBP <u>exactly</u> what SBP requested in the Motion to Extend Time. SBP is not entitled to ask this Court to grant relief from getting the relief SBP requested from the Magistrate Judge.

2. Although SBP sets forth a concern about the scope of who may review SBP's ESI related to Shqutaj's employment (specifically, Plaintiff's counsel and others in his office), that concern ignores, overlooks or disregards what the Discovery Order and Extension Order expressly state. Magistrate Judge Majzoub specified in the Discovery Order and the Extension Order that the review was to be conducted by "the parties'

experts."

3. SBP expresses a concern that the Discovery Order and the Extension Order allow Plaintiff "carte blanche access" to SBP's computers, which may expose private, personal information. This argument ignores, overlooks, or disregards that, as SBP acknowledged, "Judge Majzoub ultimately limited the scope of a forensic examination of SBP's computers exclusively to metadata related to the creation of Shqutaj's payroll and employment records." Dkt. No. 66, PgID 2670. As Magistrate Judge Majzoub reasonably ordered, the review of SPB ESI is limited to "electronically stored, native-format versions of Alfred Shqutaj's payroll and employment records created by SBP." Such an order does not allow "carte blanche access" or access to personal or private information.

4. SBP contends that it has provided documentation of all of the Quickbooks materials because it provide an audit trail and some other information. Dkt. No. 66, PgID 2672-73. The Court notes that the information that SBP designates as being the Quickbooks audit trail reports for October 17, 24, and 31, 2016 only increase the appropriateness of Magistrate Judge Majzoub's orders to allow review of certain of SBP's ESI. As reflected on the audit trail report for the pay period ending October 24, 2016, the information included in that Audit Trail Report was "Entered/Last Modified" on November 7, 2016, *see* Dkt. No. 78, Ex. 9, <u>days after Shutaj's fatal accident and a day after Shutaj died</u>. In order to determine when SBP created payroll and employment records for Shutaj (Alfred Skqutaj), Plaintiff is entitled to have her expert(s) look at SBP's "electronically stored, native-format versions of Alfred Shqutaj's payroll and employment records created by SBP."

5. SBP claims that the ESI materials requested are outside the limited scope of discovery (determining whether Shqutaj was an employee of SBP or an independent contractor). Ironically, Plaintiff's response brief does nothing but solidify SBP's argument, as Plaintiff repeatedly states that she needs to access SBP's ESI in order to establish Plaintiff's fraud and RICO claims, both of which are outside the scope of discovery. Nonetheless, SBP's argument is misplaced. Allowing Plaintiff's

expert(s) to review the "electronically stored, native-format versions of Alfred Shqutaj's payroll and employment records created by SBP" is relevant, and perhaps even critical, to determining if, when, and whether SBP treated Shqutaj as an employee prior to Shqutaj's fatal accident.

6. SBP repeatedly contends that: (a) Magistrate Majzoub made a finding that the affidavit of Klaudio Gjekaj was fraudulently created for the purpose of accessing SBP's payroll records and challenging Shqutaj's employee status; and (b) it was erroneous and contrary to law for Magistrate Judge Majzoub to allow Plaintiff to access SPB's ESI after she concluded that Plaintiff's request for access to SBP's ESI was predicated upon that fraud and unethical conduct by Plaintiff's counsel. The main problem with that argument is that Magistrate Judge Majzoub did not make any finding regarding Klaudio Gjekaj's affidavit, and she did not base her findings regarding fraudulent activity or unethical conduct of Plaintiff's counsel on the affidavit of Klaudio Gjekaj. *See* Dkt. No. 60. And, although the deposition testimony of Gjekaj reveals that some of the statements he made in his affidavit were not true, Gjekaj testified consistent with the averments in his affidavit that: (i) Gjekaj got Shqutaj the job on the Pontiac Water Tower Project; (ii) Shqutaj was to be paid $10,000 for the Project and would give 10% of that to Gjekaj; and (iii) SBC issued a check to Shqutaj that Shqutaj had made out to "Klaudio Gjekaj." A 1099-MISC issued from SBC to Gjekaj for 2016 further supports Gjekaj's affidavit and deposition testimony regarding that issue. Accordingly, the Court is not persuaded by SBP's argument.

7. SBP's argues that Gjekaj's admission that Shqutaj lived at the Red Roof Inn while working on the Project, together with the W-4 that has been produced, shows that Plaintiff's need for SBP's payroll records and ESI was fabricated and has been discredited. This argument ignores the evidence that may support Plaintiff's argument that the W-4 was fraudulently manufactured and was not signed by Shqutaj and that the payroll and employment records related to Shqutaj were fraudulently manufactured.

8. SBP complains that Magistrate Judge Majzoub, in granting SBP the relief it requested, did so "without regard for the abuses and unethical conduct she had recognized only the day before in the Sanctions Order."

First, although SBP had previously briefed the issue of abuses and unethical conduct – and knew there was an upcoming hearing on that issue – at the time SBP filed the Motion to Extend Time, SBP did not include an argument regarding that issue in its Motion to Extend Time. As that issue was not presented in the Motion to Extend Time, it was not appropriate for Magistrate Judge Majzoub to address the issue. Second, for all of the other reasons stated above, it was appropriate for Magistrate Judge Majzoub to grant the Motion to Extend Time even if she did take into account her findings regarding "the abuses and unethical conduct she had recognized only the day before in the Sanctions Order."[1]

9. The cases cited by SBP, namely *Prusin v. Canton's Pearls, LLC*, 2017 WL 1166326 (D. Md. Mar. 28, 2017); *Audio Visual Innovations, Inc. v. Burgdolf*, 2014 WL 505565 (E.D. Mich. 2014); and *Jones v. Casey's General Stores*, 538 F.Supp.2d 1094 (S.D. Iowa 2008), are neither applicable to the facts of this case, nor binding on this Court. Briefly stated, the instant case is unlike *Prusin* because the ESI Magistrate Judge Majzoub is allowing is limited in scope to matters related to Shqutaj and who will view it (experts); the instant case is unlike *Audio Visual* because of that limited scope and the lack of risk of exposure of any private, personal information; and the instant case is unlike *Jones* because Magistrate Judge Majzoub did consider all of the parties' arguments appropriately set forth in the briefing regarding the Motion to Extend Time.

For the reasons stated above, the Court finds that Magistrate Judge Majzoub's ruling granting Plaintiff's expert(s) access to the "electronically stored, native-format versions of Alfred Shqutaj's payroll and employment records created by SBP" was not

---

[1] The Court notes that Magistrate Judge Majzoub is an experienced Magistrate Judge. As SBP noted, she ruled on the Sanctions Order only the day prior to issuing the Extension Order, so the undersigned is confident she was well aware of her findings in the Sanctions Order when she prepared and issued the Extension Order a day later. As noted above, even though she made findings regarding abuses and unethical conduct *vis a vis* Plaintiff and/or Plaintiff's counsel, such findings do not preclude Plaintiff from obtaining relevant, discoverable material.

clearly erroneous nor contrary to law. SPB's Objections are denied.

The Court also notes that the parties have not submitted a stipulated protective order regarding SBP's ESI related to Shqutaj's payroll and employment records, so the Court will order Plaintiff and SBP to file a stipulated protective order that conforms to the Discovery Order, the Extension Order, and this Order.

### III. CONCLUSION

Accordingly,

IT IS ORDERED that SBP's Objections [Dkt. No 66] are DENIED.

IT IS FURTHER ORDERED that not later than May 1, 2019, the parties will submit a stipulated protective order regarding the treatment of the "electronically stored, native-format versions of Alfred Shqutaj's payroll and employment records created by SBP" that the parties' expert(s) may review pursuant to the terms of this Order. If Plaintiff and SBP are unable to agree to the terms of such an order on or before May 1, 2019, the Court will enter a protective order and may assess sanctions against one or both parties for the failure to timely submit a stipulated protective order.

IT IS FURTHER ORDERED that, commencing on the date the protective order is entered but not later than June 1, 2019, at any time on 48 hours notice (or longer), any party's expert(s) may conduct a review of electronically stored, native-format

versions of Alfred Shqutaj's payroll and employment records created by SBP, provided that such review shall be conducted between 8:30 a.m. and 5:00 p.m. EDT on a business day (excluding Saturdays, Sundays, and Memorial Day).

IT IS FURTHER ORDERED that dilatory, delay, or obstructionist tactics by any party (or any party's agent(s)) may subject that party to sanctions, including monetary or other punitive sanctions, up to and including the dismissal of this cause of action or the entry of a judgment against a party.

    s/Denise Page Hood
United States District Court Judge

Dated: April 24, 2019