# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ENGLANTINA GJELAJ, as Personal
Representative of the Estate of ALFRED
PASHKO SHQUTAJ,

    Plaintiff,

v.

Case No. 18-11709
Hon. Denise Page Hood

SEVEN BROTHERS PAINTING, INC.,
G.B.S. SCAFFOLDING SERVICE, CORP.,
and 7 BROTHERS CONTRACTING, LLC,

    Defendants.

_____/

## ORDER DISMISSING ORDERS
## TO SHOW CAUSE [ECF Nos. 168, 169]
## and ORDERING THE PARTIES TO AGREE UPON
## A THIRD PARTY EXPERT TO CONDUCT ESI REVIEW

On March 12, 2020, the Court issued two Orders to Show Cause, one to Plaintiff and one to Defendants Seven Brothers Painting, Inc. and 7 Brothers Contracting, LLC. [ECF Nos. 168, 169] Each of the March 12, 2020 Orders to Show Cause noted the failure of the three parties named above to comply with two of the Court's written orders (one dated September 25, 2019 [ECF No. 158] and the other dated February 10, 2020 [ECF No. 166]). Both the September 25, 2019 Order and the February 10, 2020 Order required the parties to file with the Court within a specified period of time "the third party expert's conclusion regarding the creation date(s) for

Alfred Shqutaj's payroll and employment records," together with documentation to support that conclusion.

The March 12, 2020 Orders to Show Cause warned the parties that failure to respond could result in dismissal of the case (as to Plaintiff) or entry of judgment (against Defendants Seven Brothers Painting, Inc. and 7 Brothers Contracting, LLC). The parties have responded, and the responses are disappointingly predictable. Plaintiff blames Defendants Seven Brothers Painting, Inc. and 7 Brothers Contracting, LLC (and the Court) for its failure to comply.  Defendants Seven Brothers Painting, Inc. and 7 Brothers Contracting, LLC blame Plaintiff (and the Court) for their failure to comply.

After reviewing the parties' submissions, the Court reaches the following conclusions:

A. All three parties (and/or their counsel) continue to engage in an uncivilized and unproductive manner of litigating this case.

B. The recitation of the juvenile, petty, and unreasonable arguments filed by the parties would only serve to drain valuable court resources.  For that reason – and to spare others from reading mean-spirited and inappropriate argument, the Court will not discuss the parties' allegations and mud-slinging in this Order, except as necessary to issue its orders, and will dismiss the Orders to Show Cause.

C. Defendants' Seven Brothers Painting, Inc. and 7 Brothers Contracting, LLC suggestion that the Court has failed to rule on their "motion for summary judgment" [*see* ECF 173, PgID 8026, n.1] is erroneous. Every motion must be filed separately, and a party may not "file" a motion for summary judgment in its response brief to another party's dispositive motion. *See* E.D. Mich. L.R. - Appendix ECF R5(f), which provides:

> (f) Motions must be filed with an accompanying brief and any supporting affidavits/declarations as one PDF document (See LR 7.1(d)). Motions must not be combined with any other stand-alone document. For example, a motion for preliminary relief must not be combined with a complaint. **A counter-motion must not be combined with a response or reply**. A motion for downward departure must not be combined with a sentencing memorandum. Papers filed in violation of this rule will be stricken.

In other words, Defendants Seven Brothers Painting, Inc. and 7 Brothers Contracting, LLC. did not file properly a motion for summary judgment (and should note that the Court could have stricken their response to Plaintiff's motion for partial summary judgment).

D. In its September 25, 2019 Order, the Court ordered the parties to have their respective expert(s) consult with each other for purposes of of selecting an independent third-party expert. No party objected to or filed a motion for reconsideration with respect to that Order.

E. It is undisputed that Plaintiff claims that her experts are Linda Saunders

3

and Larry Dalman. *See* ECF No. 170, PgID 7963. It is undisputed that Defendants have identified Chris Peterson as their expert. The Court need not, and is not going to, ascertain at this time which (if any) of these three persons would be able to testify as an expert this case.

    F.    Since September 2019, the Court has attempted to ascertain Alfred Shqutaj's employment status at the time of his death by requiring the parties' experts to confer and agree upon an independent expert to conduct an ESI review, with the independent expert reporting his/her findings to the Court upon completion of the review. *See, e.g.,* ECF No. 158.

    G.    At this time, and solely for purposes of conferring and agreeing upon an independent, third-party expert to conduct the ESI review, the Court finds and orders that: (1) Linda Saunders and Larry Dalman, collectively, constitute Plaintiff's expert ("Plaintiff's expert"); and (2) Chris Peterson shall proceed as the expert on behalf of Defendants Seven Brothers Painting, Inc. and 7 Brothers Contracting, LLC ("Defendants' expert").

Accordingly, and for the reasons stated above,

IT IS HEREBY ORDERED that the March 12, 2020 ORDERS TO SHOW CAUSE [ECF Nos. 168, 169] are DISMISSED.

IT IS FURTHER ORDERED that:

(1) On or before August 14, 2020, Plaintiff's expert and Defendants' expert shall confer and agree upon a third party expert that has the experience and ability to conduct the ESI review previously authorized and ordered by the Court;

(2) The third party expert shall conduct "a review of electronically stored, native-format versions of Alfred Shqutaj's payroll and employment records created by SBP" <u>on whatever units, devices, computers, laptops, etc.</u> such payroll and employment records were created;

(3) During the third party expert's review, which shall take place no later than September 14, 2020, the third party expert shall be permitted to access – at his or her discretion – any and every unit, device, computer, laptop, document, etc. on which such payroll and employment records were created and/or memorialized (as SBP allegedly has made copies and backups for all of this information, there should not be any danger that the third party expert will destroy or spoliate any evidence);

(4) Plaintiff shall be allowed to have one designee in the room with the third party expert, but Plaintiff cannot and shall not designate her legal counsel or any of her legal counsel's staff as the designee, and her designee shall not have any right or authority to interfere, direct,

question, or halt the third party expert's efforts;

(5) Defendants Seven Brothers Painting, Inc. and 7 Brothers Contracting, LLC collectively shall be allowed to have one designee in the room with the third party expert, but those Defendants cannot and shall not designate any of their legal counsel or any of their legal counsel's staff as the designee, and their designee shall not have any right or authority to interfere, direct, question, or halt the third party expert's efforts;

(6) The third party expert shall determine and prepare a report, to be submitted to the Court within 30 days of that third party expert's ESI review, that states the third party expert's conclusion regarding the creation date(s) for Alfred Shqutaj's payroll and employment records and submit documentation to the Court to support its conclusion; and

(7) All costs of the third party expert associated with his or her efforts regarding his or her appointment shall be borne equally by Plaintiff and SBP.

IT IS ORDERED.

s/Denise Page Hood
United States District Judge

Dated: July 27, 2020