**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ENGLANTINA GJELAJ, as personal
representative of the Estate of
ALFRED PASHKO SHQUTAJ, Deceased,

       Case No. 18-11709

    Plaintiff,

       Honorable Denise Page Hood

v.

SEVEN BROTHERS PAINTING, INC.,
*et al.*,

    Defendants.

_____/

**ORDER DENYING DEFENDANTS' MOTION FOR**
**PARTIAL SUMMARY JUDGMENT [ECF NO. 190],**
**DENYING PLAINTIFF'S MOTION FOR**
**PARTIAL SUMMARY JUDGMENT [ECF NO. 191]**
**AND SETTING DATES**

## I.    INTRODUCTION

Before the Court are cross motions for summary judgment by Plaintiff, Englantina Gjelaj, as Personal Representative of the Estate of Alfred Pashko Shqutaj [ECF No. 191] and Defendants, Seven Brothers Painting, Inc. ("SBP") and Seven Brothers Contracting, LLC ("SBC") [ECF No. 190]. The motions are fully

briefed, and a hearing was held. For the reasons stated herein both motions are DENIED.

## II.    BACKGROUND

This wrongful death case arises out of the death of Alfred Shqutaj ("Shqutaj"), the brother of Plaintiff, Englantina Gjelaj, who died after a 30–40-foot fall at a work site managed and controlled by SBP. In September of 2016, SBP was hired as a vendor by the Oakland County Resource Commission to provide painting and miscellaneous repair work at a 2,000,000-gallon water storage tank located in Pontiac Michigan. [ECF No. 111, PageID.5363]. Shqutaj was hired by SBP to perform the contract tasks which included sandblasting and painting inside the water tower tank. *Id*. On November 4, 2016, the scaffolding that Shqutaj was using to perform the contract services failed, causing him to fall and sustain life-ending injuries. *Id*. at PageID.5364. Shqutaj ultimately died on November 9, 2016.

In February of 2018, Plaintiff filed this matter in the Wayne County Circuit Court alleging negligence, wrongful death and a survival action against SBP and G.B.S. Scaffolding & Service Corp. [ECF No. 1, PageID.2]. This case was removed to this Court based on federal question jurisdiction when Plaintiff's First Amended Complaint alleged violation of 18 USC § 1962(c). [ECF No. 1, PageID.5]. The parties have engaged in lengthy discovery which included

extensive motion practice. Defendants, SBP and Seven Brothers Contracting ("SBC"), and Plaintiff have filed cross motions for partial summary judgment as to Shqutaj's employment status at the time of the incident. The parties dispute whether Shqutaj was an employee or an independent contractor for purposes of the Michigan Worker's Disability Compensation Act ("WDCA") (MCL 418.1 *et seq*.). The Defendants argue that Shqutaj was an employee of SBP, making the WDCA the exclusive remedy through which Plaintiff can recover. [ECF No. 190, PageID.8206]. To the contrary, Plaintiff argues that Shqutaj was an independent contractor at the time of the incident and Defendants have fraudulently doctored business records to attempt to avoid third party legal liability. [ECF No. 191, PageID.8900].

### III.   LAW AND ANALYSIS

Federal Rule of Civil Procedure 56 allows a party to move for summary judgment on some or all counts. Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a). The movant must cite to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions,

interrogatory answers, or other materials" to establish that there is no genuine issue for trial. Rule 56(c)(1)(A).

When deciding cross motions, the Court "must evaluate each motion on its own merits and view all facts and inferences in the light most favorable to the nonmoving party." *Pucci v. Michigan Supreme Ct.*, 601 F. Supp. 2d 886, 895 (E.D. Mich. 2009) quoting *Westfield Ins. Co. v. Tech Dry, Inc.*, 336 F.3d 503, 506 (6th Cir. 2003). The Court "may not make credibility determinations nor weigh the evidence before it when determining whether an issue of fact remains for trial." *Id*.

The WDCA requires employers to provide compensation to employees for injuries arising out of and in the course of employment without regard to fault. MCL 418.301; *Reed v. Yackell*, 473 Mich. 520, 529, 703 N.W.2d 1, 6 (2005). MCL 418.131(1) provides "recovery of benefits as provided in this act shall be the employee's exclusive remedy against the employer for a personal injury or occupational disease." Michigan courts have explained that "[t]he underlying rationale is that the employer, by agreeing to assume automatic responsibility for all such injuries, protects itself from potentially excessive damage awards rendered against it and that the employee is assured of receiving payment for his injuries." *Farrell v. Dearborn Mfg. Co.*, 416 Mich. 267, 274, 330 N.W.2d 397, 399 (1982)

The linchpin of this matter is whether Shqutaj was an employee of SBP at the time of the fatal incident. To determine whether a person is an employee or an

4

independent contractor for purposes of the WDCA, the Michigan Supreme Court applies a two-step test. *Max Trucking, LLC v. Liberty Mut. Ins. Corp.*, 802 F.3d 793, 803 (6th Cir. 2015).  First, the Court must determine whether the person satisfies MCL 418.161(1)(l). *Id*. Next, the Court must determine whether the person satisfies MCL 418.161(1)(n). *Id*. Both subsections "must be read together as separate and necessary qualifications in establishing employee status." *Hoste v. Shanty Creek Mgmt., Inc.*, 459 Mich. 561, 573, 592 N.W.2d 360, 365 (1999).

MCL 418.161(1)(*l*) defines an employee as "[e]very person in the service of another, under any contract of hire, express or implied[.]" Defendants argue that there is no dispute that Shqutaj was an employee as defined by subsection 161(1)(*l*). ECF No. 190, PageID.8207. The only time Plaintiff addresses subsection 161(1)(l) in her briefing is in a conclusory statement asserting "SBP fails to meet the criteria in MCL 418.161(1)(*l*)[.]" [ECF No. 195, PageID.9808]. Plaintiff does not contest that Shqutaj was hired by SBP and performed services at the water tower. Plaintiff also does not deny that Shqutaj was paid for his services. Plaintiff argues that SBC issued two checks to Klaudio Gjekaj for Shqutaj's work at the Pontiac Water Tower. *Id*. at PageID.9799. Plaintiff specifically states "[t]his is exactly why SBP did not pay anything to Alfred Shqutaj because SBC had already given him $20,000 for his work in October." *Id*.

The crux of Plaintiff's argument is that SBP fraudulently doctored its business records to make it look as though Shqutaj was not an independent contractor under the WDCA.[1] While relevant to the matter, Plaintiff's arguments only relate to the MCL 418.161(1)(n) inquiry and not the standard set forth in MCL 418.161(1)(*l*) which requires the Court to determine whether Shqutaj was working in the service of SBP, if he expected to be paid for such services, and SBP expected to pay him for those services. Plaintiff provides no evidence showing that Shqutaj was not working in the service of SBP to complete the water tower project, that he did not expect to be paid for his services or that Defendants did not intend to pay him.

At oral argument, Plaintiff stated that this case is "simply a test regarding MCL(a) (*sic*) 418.161 subsection (1)(n)" [ECF No. 199, PageID.11112]. Therefore, the Court can assume that Plaintiff concedes that Shqutaj was an employee of SBP as defined by MCL 418.161(1)(*l*).

With respect to MCL 418.161(1)(n), the Court must consider three criteria for the exception in subsection 161(1)(n): whether, in relation to the services provided to the company at which the person was injured (1) maintained a separate

---

[1] Plaintiff has hired fraud expert Linda Saunders to examine SBP's business records to support this allegation. [ECF No. 195, PageID.9793]. Defendants challenge the opinions of Saunders in their response to Plaintiff's motion for partial summary judgment. [ECF No. 194, PageID.9606]. However, it is not proper to bring a *Daubert* challenge in a response brief as it would deny the Plaintiff a full opportunity to respond. Any argument the Defendants intend to make on this issue should not be heard until a proper motion to exclude is filed. See Federal Rule of Civil Procedure 7.

business offering the same service, (2) held himself out to and rendered the same services to the public, and (3) is an employer subject to the WDCA. 473 Mich. at 536. Each criterion must be satisfied for an individual to be excepted from employee status. *Max Trucking LLC v. Liberty Mut. Ins. Corp.*, 802 F.3d 793, 804 (6th Cir. 2015) ("in order to be deemed an employee under 116(1)(n) *sic*, a person must show that he or she: (1) does not maintain a separate business; (2) does not hold himself or herself out to render services to the public; and (3) is not an employer subject to the WDCA."). Michigan courts have determined that the separate business "must provide the same service that he performed for the employer." 473 Mich. at 536-37.

Defendants argue that the type of work Shqutaj was performing at the time of the accident was not the type of painting and sandblasting that he would do as a day laborer. [ECF No. 190, PageID.8209]. Defendants further argue that Plaintiff would need to establish that Shqutaj "had the capability, financially and otherwise, to perform industrial sandblasting and painting without any financial or job-related support from SBP." *Id*. Defendants state that Shqutaj never held himself out as an industrial water tower contractor and Plaintiff has not shown that Shqutaj submitted any bids for such work to a municipality. *Id*. at PageID.8210. Defendants also argue that SBP provided Shqutaj with all the equipment and tools necessary to

complete the job. Defendants point to the fact that Shqutaj essentially had no money in his Chase bank account prior to payments made by SBC.

Defendants cite *Porter v. State Farm Mut. Ins. Co.*, No. 321974, 2015 WL 5570247 (Mich. Ct. App. Sept. 22, 2015) for the proposition that a person is not excluded from being an employee for purposes of the WDCA if their separate business is not the type of work being performed at the time of the injury. [ECF No. 190, PageID.8208]. The *Porter* court found that plaintiff could not be excluded from the definition of "employee" under the WDCA when he was injured while performing landscaping services and had a separate power washing business. Porter, 2015 WL 5570247 at *3.

Defendants also cite *Max Trucking, LLC*, where the Sixth Circuit agreed with the district court's finding that the individuals were "effectively economically dependent on Max Trucking for their ability to operate as truckers" and concluded that "[t]his complete dependence indicates that the lease-to-buy drivers cannot be considered to maintain separate businesses." *Max Trucking, LLC*, 802 F.3d at 805.

Plaintiff contends that Shqutaj was an independent contractor who "would pass out business cards and brochures to offer and promote the deceased's business services to the public." [ECF No. 195, PageID.9806]. A photograph of Shqutaj's alleged business card is included in Plaintiff's brief. *Id*. at PageID.9801. Plaintiff has also included copies of Shqutaj's alleged marketing documents as Exhibit 31 to

her reply brief. [ECF No. 196-8, PageID.11091]. The flyer at ECF No.196-8, PageID.11093 indicates that Shqutaj did residential, commercial, and industrial painting. *Id*. The business card states that Shqutaj performed residential and commercial sandblasting and painting. *Id*. Plaintiff further contends that Shqutaj's tax returns from 2013-2016 reflect that Shqutaj was self-employed. Plaintiff argues without citing a particular source that the tax returns are conclusive proof of self-employment. [ECF No. 195, PageID.9814]. Plaintiff argues that the business records provided by SBP are fraudulent and asserts that SBP backdated its system to give the appearance that Shqutaj was an employee of SBP.

Plaintiff also relies on *Drob v. SEK 15, Inc.*, 334 Mich. App. 607, 610, 965 N.W.2d 683, 684 (2020). There, the Michigan Court of Appeals found that the plaintiff was an independent contractor for purposes of the WDCA where she held herself out to the public to perform the same services provided to the defendant. *Drob v. SEK 15, Inc.*, 334 Mich. App. 607, 620, 965 N.W.2d 683, 690 (2020). Plaintiff advertised her bartending services by word of mouth to other establishments or for special events. *Id*.

Plaintiff argues that Plaintiff, Llesh Gjelaj, and Nikoll Hoti, each testified that that they knew Shqutaj to have his own commercial painting and sandblasting business. [ECF No. 199, PageID.11116]. However, at least two out of the three who testified to Shqutaj having his own commercial painting and sandblasting

9

business, have a personal interest in Shqutaj being deemed an independent contractor. While this testimony may be true, the Court cannot find that it removes doubt as to Shqutaj's employment status.

The Court finds that a question of fact remains as to whether Shqutaj was an independent contractor or an employee of SBP under the MCL 418.161(1)(n). While Shqutaj may have held himself out as an individual skilled in similar services, it is not clear that Shqutaj maintained a business which provided such services. Plaintiff has not shown that Shqutaj could have performed any industrial sandblasting or painting without the support of another entity like SBP. The marketing materials provided by Plaintiff do not include a business name, they simply indicate services that may be provided. A question remains as to whether the advertising documents produced existed prior to Shqutaj's incident. Plaintiff has not provided evidence of a business account or that Shqutaj possessed equipment beyond tools generally used for ordinary painting jobs.

The 2016 tax return provided by the Plaintiff does not conclusively show that Shqutaj was an independent contractor. Plaintiff does not dispute that the 2016 tax return was completed in 2019, three years after Shqutaj's death and while this litigation was pending. Further, Plaintiff has failed to rebut Defendants' argument that Shqutaj was a W-2 employee of Horizon Bros. Painting in 2015 [ECF No. 194-4, PageID.9633] and received wages from Amstar of Western New York, Inc.

10

Neither the W-2 nor the Amstar wages are included in the 2016 tax return. These deficiencies raise questions as to the accuracy of the 2016 tax return which Plaintiff does not deny was filed posthumously and after the commencement of this litigation.

Conversely, the paystubs provided by Defendants do not confirm that Shqutaj was an employee because the name on the check is spelled "Skqutaj." There is question as to why no income was found from SBP but there were two checks paid to Shqutaj from SBC. SBP has also not explained why its records state that Shqutaj was hired on November 9, 2016, but the fatal incident occurred on November 4, 2016. Further, the fact that the only three checks allegedly issued by SBP to Shqutaj for his work at the tower never cleared the bank raises questions about the timing of when those checks were issued, i.e. whether they were created before the incident or after.

Neither party has provided evidence sufficient to warrant summary judgment on Shqutaj's employment status at the time of the incident. Therefore, both motions for summary judgment must be denied.

## IV.  CONCLUSION/ORDER

In light of the foregoing,

IT IS SO ORDERED that Defendants' Motion for Partial Summary Judgment [ECF No. 190] is DENIED;

IT IS FURTHER ORDERED that Plaintiff's Motion for Partial Summary Judgment [ECF No. 191] is DENIED;

IT IS FURTHER ORDERED that the following dates govern this matter:

Proposed joint final pretrial order in the form
under E.D. Mich. LR 16.2 must be submitted by:   June 1, 2026

The Final Pretrial Conference is set for:                June 9, 2026, 3:30 p.m.

The trial is set for:                                              July 7, 2026, 9:30 a.m.

SO ORDERED.


                                                    s/Denise Page Hood
                                                    Denise Page Hood
                                                    United States District Judge


DATED:   March 31, 2026